**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EARL ROBINSON,

    Plaintiff,

vs.                                              CASE NO.: 23-cv-00846

CONTEMPORARY HOUSING
ALTERNATIVES OF FLORIDA, INC.

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, EARL ROBINSON, (hereinafter "Plaintiff" or "Mr. Robinson"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, CONTEMPORARY HOUSING ALTERNATIVES OF FLORIDA, INC., (hereinafter "Defendant" or "CHAF") and alleges:

**JURISDICTION AND VENUE**

1. This is an action for damages which exceed fifty thousand dollars ($50,000).

2. This is a civil action under federal law by Plaintiff against his former employer for monetary damages, declaratory relief and for other equitable relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and 42 U.S.C. § 1981.

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C § 1331.

4. The claims that arise under state law arise out of the same nexus of operative facts, and this Court therefore has supplemental jurisdiction over those claims pursuant to

1

28 U.S.C. § 1367.

5. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Pinellas County, which is located within the Middle District of Florida.

## PARTIES

6. Plaintiff, EARL ROBINSON, is an African American male who resides in Pinellas County, Florida, located in the Middle District of Florida.

7. Defendant, CONTEMPORARY HOUSING ALTERNATIVES OF FLORIDA, INC., is a Florida not for profit corporation that operates within Pinellas County, Florida, located in the Middle District of Florida.

8. Plaintiff has satisfied all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

9. On or around June 2016, Mr. Robinson was hired by Robert Noble (white) and Jake Stowers (white) as a Painter for CHAF and was paid $14 an hour for each hour he worked.

10. In 2018, a Maintenance Technician position opened at CHAF and Mr. Robinson told Mr. Noble that he was interested in applying.

11. Following this conversation, Mr. Noble approached Darren Moore (white) for the position and offered him the position, which he declined.

12. On or about December 2019, Mr. Robinson began working that position even though he was not officially given the position.

13. On or about March 2021 after Mr. Moore declined the position did Mr. Noble officially hire Mr. Robinson as Maintenance Technician position.

14. In his new position as a Maintenance Technician, Mr. Robinson reported to Patrick Grinde (white).

15. Mr. Robinson observed that Mr. Grinde had a racial bias against African Americans, speaking badly about the black residents in the apartments and passing over Black job applicants that Mr. Robinson would recommend for open positions.

16. On at least one occasion, Mr. Grinde laughed and snickered excessively when Mr. Noble used the N-word while reading a resident's rap lyrics that he found in a room.

17. By December 2020, Mr. Robinson was earning $19.70 for each hour that he worked.

18. In January 2022, Mr. Grinde began lying to Mr. Noble about Mr. Robinson and misrepresenting statements made by Mr. Robinson.

19. Mr. Grinde held Mr. Robinson to a different standard than his white peers because of his race.

20. On April 27, 2022, Mr. Grinde gave Mr. Robinson a list of jobs to work on because he believed Mr. Robinson was done with his work.

21. Mr. Robinson informed Mr. Grinde that there were a few remaining jobs that he needed to complete before starting on the list and said that he would ask Mr. Noble if he would like him to finish those tasks.

22. Mr. Robinson then asked Mr. Noble if he wanted him to finish his remaining

3

jobs before starting on the new list.

23. Mr. Noble told Mr. Robinson to finish his remaining jobs.

24. After this conversation, Mr. Robinson learned from two coworkers that Mr. Grinde had called Mr. Noble to accuse Mr. Robinson of refusing to do other people's work.

25. Mr. Robinson called Mr. Grinde and asked him to stop misrepresenting his statements to Mr. Noble.

26. In response, Mr. Grinde told Mr. Robinson that he was fired and that he should return to the office to turn in his equipment.

27. However, Mr. Grinde did not have the authority to terminate Mr. Robinson without Mr. Noble's approval. Knowing this, Mr. Robinson went to speak with Mr. Noble to ask if he had been fired.

28. During this conversation, Mr. Noble asked Mr. Robinson to explain what happened and, after listening, said he would be open to letting him stay.

29. Mr. Grinde then came in, argued that Mr. Robinson should be terminated, and misrepresented the conversation he had with Mr. Robinson.

30. When Mr. Grinde left, Mr. Robinson told Mr. Noble that he knew he was going to take Mr. Grinde's word over his because of his "shade," referring to his skin color.

31. Mr. Noble became very upset at Mr. Robinson's statement that he faced discrimination at work based on race and said, "Now you are fired!"

32. Defendant terminated Mr. Robinson because of his race.

33. Alternatively, Mr. Robinson was terminated in retaliation for reporting a hostile work environment and discrimination based on race.

34. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## COUNT I
## TITLE VII RACE DISCRIMINATION

35. Plaintiff, EARL ROBINSON, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty-one (31) and thirty-three (33) as if set forth fully herein.

36. The Defendant employed fifteen or more individuals. Therefore, Defendant was an "employer" within the meaning of Title VII.

37. Mr. Robinson was an "employee" of Defendant within the meaning of Title VII.

38. Mr. Robinson is a member of a protected class because of his race and, therefore, is protected by Title VII.

39. Mr. Robinson was qualified to perform his job duties.

40. Defendant discriminated against Mr. Robinson when it held Mr. Robinson to a different standard than his white peers.

41. Mr. Robinson's own supervisor, Mr. Grinde, laughed and snickered excessively at Mr. Noble's use of the N-word.

42. Mr. Grinde misrepresented interactions he had with Mr. Robinson and passed over Mr. Robinson's recommendations for black applicants.

43. Mr. Robinson experienced a hostile work environment because of his race.

44. Defendant's actions in discriminating against Mr. Robinson because of his race were reckless, willful, and/or malicious.

45. As a direct and proximate result of Defendant's acts, Mr. Robinson has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Mr. Robinson has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Mr. Robinson respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

(a) Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Robinson;

(b) Back pay;

(c) Front pay;

(d) Compensatory damages against Defendant;

(e) Prejudgment interest; and

(f) Damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant.

<u>**COUNT II**</u>
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**FOR DISCRIMINATION ON THE BASIS OF RACE**

45. Plaintiff, EARL ROBINSON, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty-one (31) and thirty-three (33) as if set forth fully herein.

46. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq*. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race.

47. Mr. Robinson has satisfied all procedural and administrative requirements set forth in the FCRA.

48. Mr. Robinson is a member of a protected class because of his race and, therefore, is protected by the FCRA.

49. Mr. Robinson was qualified to perform his job duties.

50. Defendant discriminated against Mr. Robinson when it held Mr. Robinson to a different standard than his white peers.

51. Mr. Robinson's own supervisor, Mr. Grinde, laughed and snickered excessively at Mr. Noble's use of the N-word.

52. Mr. Grinde misrepresented interactions he had with Mr. Robinson and passed over Mr. Robinson's recommendations for black applicants.

53. Mr. Robinson experienced a hostile work environment because of his race.

54. Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Mr. Robinson's employment in violation of the FCRA.

55. As a direct and proximate result of Defendant's acts, Mr. Robinson has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment,

and damage to his professional reputation. Mr. Robinson has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Mr. Robinson respectfully invokes the remedial powers of this Court as provided in the FCRA, and prays for a judgment:

(a) Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Robinson;

(b) Back pay;

(c) Front pay;

(d) Compensatory damages against Defendant;

(e) Prejudgment interest;

(f) Damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant; and

(g) Reasonable attorney's fees and costs incurred in this action as provided in Section 760.11(5), Florida Statutes.

## COUNT III
### VIOLATION OF 42 U.S.C. § 1981
### Race Discrimination

56. Plaintiff, EARL ROBINSON, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty-one (31) and thirty-three (33) as if set forth fully herein.

57. 42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcement of contracts.

58. Mr. Robinson is an African American male.

59. Mr. Robinson is a member of protected class under § 1981 on the basis of his race.

60. Mr. Robinson was qualified to perform his job duties.

61. Mr. Robinson was subject to disparate treatment by Defendant, based solely on his race. This treatment by the Defendant has affected the terms and conditions of Plaintiff's employment.

62. Defendant discriminated against Mr. Robinson when it held Mr. Robinson to a different standard than his white peers.

63. Mr. Robinson's own supervisor, Mr. Grinde, laughed at comments Mr. Noble made using the N-word.

64. Mr. Grinde misrepresented interactions he had with Mr. Robinson and passed over Mr. Robinson's recommendations for Black applicants.

65. Mr. Robinson experienced a hostile work environment because of his race.

66. The foregoing actions constitute unlawful discrimination, in violation of § 1981.

67. Defendant engaged in discrimination against Mr. Robinson with malice and reckless indifference to Mr. Robinson's federal rights.

68. As a direct and proximate result of Defendant's unlawful discrimination, Mr. Robinson has suffered past and future wage losses, severe emotional distress damages, loss of capacity to earn income, loss of enjoyment of life, loss of professional standing, and has incurred litigation costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

(a) Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

(b) Awarding Plaintiff compensatory damages against Defendant for the mental anguish, suffering, inconvenience and emotional pain, up to the maximum amount permitted under 42 USC § 1981;

(c) Award punitive damages as permitted under 42 USC § 1981;

(d) Awarding reasonable attorney's fees and costs incurred in this action; and

(e) Any such other and further relief as this Court deems just and equitable.

## COUNT IV
## TITLE VII RETALIATION

69. Plaintiff, EARL ROBINSON, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty (30) and thirty-two (32) through thirty-three (33) as if set forth fully herein.

70. Defendant is an employer as that term is used under the applicable statutes referenced above.

71. The actions of the Defendant constitute a violation of Title VII in that the Defendant has retaliated against Mr. Robinson for his objection to the racial discrimination against him.

72. Mr. Robinson is a member of a protected class and protected by Title VII from discrimination based on his race.

73. Mr. Robinson's complaint to Mr. Noble that he was being discriminated against based on his race was protected conduct that Plaintiff reasonably believed was unlawful.

74. Mr. Robinson engaged in a protected activity when he reported race-based discrimination and a hostile work environment based on race to Mr. Noble.

75. Mr. Robinson's protected activity was a but-for cause of his termination and resulting injury.

76. Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it punished him and terminated him because of his report of illegal race-based discrimination and a hostile work environment based on race.

77. As a direct and proximate result of Defendant's acts, Mr. Robinson has suffered loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court as provided in Title VII and prays for a judgment:

(a) Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

(b) Awarding Plaintiff compensatory damages against Defendant;

(c) Awarding reasonable attorney's fees and costs incurred in this action; and

(d) Any such other and further relief as this Court deems just and equitable.

## COUNT V

### VIOLATION OF THE FCRA
### FOR RETALIATION FOR REPORTING RACE DISCRIMINATION

78. Plaintiff, EARL ROBINSON, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty (30) and thirty-two (32) through thirty-three (33) as if set forth fully herein.

79. The Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et al.* ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

80. Mr. Robinson is a member of a protected class and protected by the FCRA from discrimination based on his race.

81. Mr. Robinson's complaints to Mr. Noble that he was being discriminated against based on his race were protected conduct that Plaintiff reasonably believed was unlawful.

82. Mr. Robinson engaged in a protected activity when he reported race-based discrimination and a hostile work environment based on race to Mr. Noble.

83. The actions of the Defendant constitute a violation of the FCRA in that the Defendant has retaliated against Mr. Robinson for his objection to the racial discrimination against him.

84. Mr. Robinson's protected activity was a but-for cause of his termination and resulting injury.

85. Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of the FCRA. Defendant is also liable for wrongfully terminating Plaintiff's employment in retaliation for reporting illegal discrimination, or activity that Plaintiff reasonably believed to be illegal discrimination.

86. Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it punished him and terminated him because of his reports of illegal race-based discrimination and a hostile work environment based on race.

87. As a direct and proximate result of Defendant's acts, Mr. Robinson has suffered loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Mr. Robinson has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Mr. Robinson respectfully invokes the remedial powers of this Court as provided in the Florida Civil Rights Act of 1992, and prays for a judgment:

(a) Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Robinson;

(b) Back pay;

(c) Front pay;

(d) Compensatory damages against Defendant;

(e) Prejudgment interest;

(f) Damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant; and

(g) Reasonable attorney's fees and costs incurred in this action as provided in Section 760.11(5), Florida Statutes.

## COUNT VI
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

88. Plaintiff, EARL ROBINSON, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirty-three (33) as if set forth fully herein.

89. The above-described discriminatory treatment committed by Defendant violated 42 U.S.C. § 1981 by impinging on Mr. Robinson's right to contract for, obtain, and maintain employment free of racial discrimination.

90. Mr. Robinson's complaints to Mr. Grinde and his supervisors that he was being discriminated against based on his race were protected conduct that Plaintiff reasonably believed was unlawful.

91. Mr. Robinson engaged in a protected activity when he reported race-based discrimination and a hostile work environment based on race to Mr. Noble.

92. Mr. Robinson's protected activity was a but-for cause of his termination and resulting injury.

93. The actions of the Defendant constitute a violation of 42 U.S.C. § 1981 in that the Defendant has retaliated against Mr. Robinson for his objection to the racial discrimination against him.

94. Defendant failed to perform an adequate independent investigation of Mr. Robinson's report of a hostile work environment before terminating him.

95. Defendant's treatment of Mr. Robinson, as discussed above, was causally connected to Mr. Robinson's protected activity and thus violated 42 U.S.C. § 1981's proscription against retaliation for opposing discriminatory employment practices.

96. As a direct and proximate result of the aforementioned acts, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, distress, humiliation, great expense, embarrassment, and damage to his reputation.

**WHEREFORE**, Mr. Robinson demands judgment against defendant as follows:

(a) Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

(b) Awarding Plaintiff compensatory damages against Defendant for the mental anguish, suffering, inconvenience and emotional pain, up to the maximum amount permitted under 42 USC § 1981;

(c) Award punitive damages as permitted under 42 USC § 1981;

(d) Awarding reasonable attorney's fees and costs incurred in this action; and

(e) Any such other and further relief as this Court deems just and equitable.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Dated this 18th day of April 2023.

> */s/ Gary L. Printy, Jr.*
> **GARY L. PRINTY, JR. ESQ.**
> Florida Bar No. 41956
> **PRINTY & PRINTY, P.A.**
> 3411 W Fletcher Ave, Ste A
> Tampa, Florida 33618
> (P): (813) 434-0649
> (F): (813) 423-3722
> Email: garyjr@printylawfirm.com
> *Attorney for Plaintiff*